Michael Kind, Esq.
NV Bar No. 13903
**KAZEROUNI LAW GROUP, APC**
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (800) 400-6808 x7
mkind@kazlg.com

Sara Khosroabadi, Esq.
NV Bar No. 13703
**HYDE & SWIGART**
7854 W. Sahara Avenue
Las Vegas, NV 89117
Phone: (619) 233-7770
sara@westcoastlitigation.com
*Attorneys for Plaintiff David Lucero*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| David Lucero,<br><br>　　　　Plaintiff,<br><br>v.<br><br>Smith-Palluck Associates Corp.<br>d/b/a Las Vegas Athletic Clubs,<br><br>　　　　Defendant. | Case No: 2:17-cv-01399<br><br>**Complaint for Damages and Injunctive Relief Pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*.**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. David Lucero ("Plaintiff") brings this Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Smith-Palluck Associates Corp. d/b/a Las Vegas Athletic Clubs

1. ("Defendant"), in negligently and/or intentionally contacting Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that
   > [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

   *Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. §1331.

6. This action arises out of Defendant's violations of the TCPA, 47 U.S.C. §227.

7. Venue is proper pursuant to 28 U.S.C. §1391 because all the conduct giving rise to this Complaint occurred in Nevada.

8. Defendant is subject to personal jurisdiction in Nevada as it conducts business herein.

## PARTIES

9. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Henderson, Nevada. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39).

10. Upon information and belief, Defendant is, and at all times mentioned herein was, a company doing business in Nevada, registered with the Nevada Secretary of State as a domestic corporation and is a "person as defined by 47 U.S.C. §153(39).

11. Upon information and belief, Defendant's website is http://www.lvac.com.

12. At all times relevant herein, Defendant conducted business in the State of Nevada and within this judicial district.

## FACTUAL ALLEGATIONS

13. Sometime around August 2015, Plaintiff entered into membership agreement with Defendant.

14. Various times throughout 2015, Defendant initiated telephone calls to Plaintiff's cellular telephone number for the purpose of collecting debt.

15. Plaintiff instructed Defendant to stop calling multiple times, including in late 2015 and in August 2016.  In fact, In August 2016, a representative of Defendant confirmed to Plaintiff that Plaintiff had instructed Defendant to stop calling.

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117

16. Despite Plaintiff's request to stop calling, Defendant continued to call Plaintiff's cellular telephone number on various instances, including but not limited to:

- November 26, 2016, at 2:29pm.
- December 9, 2016, at 11:17am.
- December 16, 2016, at 10:28am.
- January 3, 2017.
- January 6, 2017, at 11:50am.
- January 11, 2017, at 11:03am.
- January 31, 2017, at 11:14am.
- February 3, 2017, at 5:20pm.
- February 13, 2017.
- February 15, 2017, twice.
- February 16, 2017, twice.
- February 17, 2017, at 11:44am.
- February 18, 2017, at 1:52pm.
- February 23, 2017, twice.
- February 24, 2017.
- February 27, 2017, twice.
- February 28, 2017.
- March 1, 2017.
- March 2, 2017, at 3:34pm.
- March 6, 2017.
- March 7, 2017, at 2:04pm.
- March 8, 2017, at 2:41pm.
- March 9, 2017, at 2:22pm.
- March 10, 2017, at 1:06pm.
- March 13, 2017, at 4:01pm.
- March 14, 2017, at 2:21pm.

- March 15, 2017, at 9:04am.

17. Upon information and belief, Defendant placed these calls using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. §227(a)(1), and as prohibited by 47 U.S.C. §227(b)(1)(A).

18. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

19. Upon information and belief, the ATDS used by Defendants has the capacity to store or produce telephone numbers to be called using a random or sequential number generator.

20. Upon information and belief, the ATDS used by Defendant has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

21. Defendant used an ATDS when it made the phone calls described above because when Defendant called Plaintiff, on multiple occasions, numerous times within only a few minutes—a telltale sign of an automated dialing system.

22. Defendant's calls was placed to a telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. §227(b)(1).

23. These telephone calls were unwanted by Plaintiff.

24. Defendant did not have prior, express, written consent to place the solicitation calls to Plaintiff.

25. In response to the calls, Plaintiff asked Defendant to stop calling.

26. The telephonic communication by Defendant, or its agent(s), violated 47 U.S.C. §227(b)(1).

27. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

28. Plaintiff was personally affected by Defendant's aforementioned conduct because Plaintiff was frustrated and distressed that Defendant interrupted Plaintiff with an unwanted calls using an ATDS.

29. Defendant's call forced Plaintiff to live without the utility of his cellular phone by occupying his cellular telephone with multiple unwanted calls, causing a nuisance and lost time and lost wages.

30. Defendant's calls to Plaintiff's cellular telephone number was unsolicited by Plaintiff and without Plaintiff's permission or consent.

31. Plaintiff is informed, believes, and here upon alleges that the call was made by Defendant and/or Defendant's agent(s), with Defendant's permission, knowledge, control and for Defendant's benefit.

32. Through the aforementioned conduct, Defendant has violated 47 U.S.C. §227(b)(1)(A)(iii).

33. Further, Defendant's violations caused Plaintiff to suffer a real and concrete harm because when Defendant called Plaintiff, Plaintiff's time was wasted on phone calls with Defendant when Defendant had no right to contact Plaintiff. Defendant also consumed and wasted Plaintiff's cellphone battery life. Plaintiff also suffered from frustration and annoyance which the TCPA was enacted to prevent. *See*, *e.g.*, *Mey v. Got Warranty, Inc.*, No. 5:15-CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.").

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TCPA**
**47 U.S.C. §227** ***et seq.***

34. Plaintiff incorporates by reference all above paragraphs as though fully stated herein.

35. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227, *et seq*.

36. As a result of Defendant's negligent violations of 47 U.S.C. §227 *et seq*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

37. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

### SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §227 *et seq.*

38. Plaintiff incorporates by reference all above paragraphs as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. §227, *et seq*.

40. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. §227 *et seq*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

41. Plaintiff is also entitled to, and seeks, injunctive relief prohibiting such conduct in the future.

### PRAYER FOR RELIEF

Plaintiff respectfully requests the Court to grant Plaintiff the following relief against Defendant:

- Injunctive relief prohibiting the above-referenced conduct in the future, pursuant to 47 U.S.C. §227(b)(3)(A);

- An award of statutory damages of $500.00 for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B);
- An award of statutory damages of $1,500.00 for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(C);
- Any other relief the Court deems just and proper.

## TRIAL BY JURY

42. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury

DATED this 16th day of May 2017.

                Respectfully submitted,

                **KAZEROUNI LAW GROUP, APC**

                By: /s/ Michael Kind
                   Michael Kind, Esq.
                   7854 W. Sahara Avenue
                   Las Vegas, NV 89117
                   *Attorneys for Plaintiff*

KAZEROUNI LAW GROUP, APC
7854 W. Sahara Avenue
Las Vegas, NV 89117